UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PEGGY L. WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-281 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 14, 15] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16, 17]. Plaintiff Peggy L. Weaver seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On March 26, 2008, the Plaintiff filed a claim for Title II Disability Insurance benefits claiming a period of disability which began July 31, 2006. [Tr. 77, 118]. After her application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On January 27, 2010, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 29-47]. On April 29, 2010, the ALJ found that the Plaintiff was not disabled. [Tr. 10-23]. The Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ

became the final decision of the Commissioner.

The Plaintiff now seeks judicial review of the Commissioner's decision.

## I.  ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

2. The claimant has not engaged in substantial gainful activity since July 31, 2006, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following impairments, the combination of which is severe: *status-post laryngoscopic-assisted excision of squamous cell carcinoma of the left true vocal cord with definitive radiation therapy; status-post laryngoscopic-assisted stripping of the right true vocal cord for leukoplasia; chronic laryngitis; gastroesophageal reflex disease with mild dysphagia; history of bilateral rotator cuff repair; degenerative changes in the cervical and lumbar spine with cervicalgia and lumbago, status-post cervical fusion at C6-7; history of non-migrainous-type headaches; a depressive disorder; and an anxiety disorder* (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry up to 25 pounds infrequently and up to 10 pounds frequently, but carry no more than a few feet at a time; stand and/or walk (with normal breaks) for up to 4 hours total in an 8-hour workday; sit (with normal breaks) for up to 4 hours total in an 8-hour workday; frequently stoop, kneel, and/or crouch; frequently handle, grab, and/or grasp large objects; frequently reach in all directions; and frequently write, type, and/or handle small objects. Additionally, the claimant is precluded from work in which speaking is a primary function. In keeping with the number of

breaks customarily allowed by employers in the local and national economies, she can maintain attention and concentration for 2 hour segments, but would benefit from a flexible work schedule. A well-spaced working environment with a few familiar co-workers will be needed to reduce stress. Interaction with the public should be non-intensive or casual. Feedback and/or criticism should be supportive, and changes in the workplace should be presented infrequently and in a gradual manner.

6. The claimant is capable of performing past relevant work as a mechanical assembler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 31, 2006, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 12-22].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national

3

economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

4

## III.     STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).  If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed.  Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Rogers v. Comm'r of Soc. Sec.,  486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently.  Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).  The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference."  Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)).  Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was

reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner.  See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).  The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47.  Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard.  See id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits.  Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.  POSITIONS OF THE PARTIES

The Plaintiff presents two allegations of error.  First, the Plaintiff argues that the ALJ erred by failing to afford proper weight and appropriately evaluate the opinion of the Plaintiff's treating physician John M. Whitley, M.D.  Specifically, the Plaintiff argues that the ALJ did not afford proper weight to Dr. Whitley's answers to short-answer and multiple-choice questions posed to him in a Treating Relationship Inquiry, ("the Inquiry).  Second, the Plaintiff argues that the ALJ erred by not providing sufficient analysis of the Plaintiff's allegations of pain.

The Commissioner responds that the ALJ gave good reasons for rejecting the opinions Dr. Whitley expressed in the Inquiry. The Commissioner maintains that the ALJ discussed the Plaintiff's pain thoroughly. In sum, the Commissioner maintains that the ALJ complied with applicable statutory regulations and rendered a decision supported by substantial evidence.

## V. ANALYSIS

The Court will address each of the Plaintiff's allegations of error in turn.

### A. Weight Afforded to John M. Whitley, M.D.

The Commissioner does not dispute that John M. Whitley, M.D., is a treating physician to the Plaintiff. From the evidence in the record, it appears that Dr. Whitley treated the Plaintiff since from late 2004 through 2008. [Tr. 195-313, 845-987, 1280-1291]. During that time, he performed at least two neurological surgeries on the Plaintiff, including a cervical discectomy and a cervical fusion. [See Tr. 202, 853]. The Court finds that Dr. Whitley was a treating physician.

On November 25, 2008, Dr. Whitley filled out a three-page form entitled Treating Relationship Inquiry for the Plaintiff. [Tr. 1257-59]. He identified one impairment: debilitating cervical pain. [Tr. 1257]. Dr. Whitley replied "no" when asked if the Plaintiff could be reasonably expected to be reliable in attending an eight-hour day, forty-hour week, week after week, without missing more than two days each month. [Tr. 1257]. Dr. Whitley indicated that, during an eight-hour workday, the Plaintiff could sit for two hours, stand for two hours, and walk for two hours. [Tr. 1257]. He opined that she could frequently lift one to five pounds, and occasionally lift six to ten pounds. [Tr. 1258]. Dr. Whitley estimated that the Plaintiff could only remain seated at a desk for fifteen minutes at a time with five minute breaks. [Tr. 1258].

7

Dr. Whitley did not indicate that the Plaintiff would have any problems using her hand for grasping, fingering, or feeling. [Tr. 1258].

The ALJ explained the weight afforded to Dr. Whitley's opinion by stating:

> The undersigned does not find the assessment of treating physician Dr. John Whitley particularly credible with regard to the claimant's ability to do work-related activities. While the undersigned recognizes the special consideration that should normally be given to a treating physician's opinions, Dr. Whitley's opinion is entirely inconsistent with the record as a whole. A treating physician's opinion must only be entitled to controlling weight when it is well-supported by medically-acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record (20 CFR 404.1527, and Social Security Ruling 96-2p). Dr. Whitley's assessment is incredibly over-restrictive in light of the objective findings of record his conclusions are, at best, tenuous and patently sympathetic to the claimant's subjective complaints. Moreover, he apparently chooses to ignore and/or minimize the obvious correlation between the claimant's smoking and her throat impairment. Accordingly, the undersigned does not accept Dr. Whitley's conclusions with regard to the claimant's residual functional capacity.

[Tr. 21].

Under the Social Security Act and its implementing regulations, if a treating physician's opinion as to the nature and severity of an impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it must be given controlling weight. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). But where an opinion does not garner controlling weight, the appropriate weight to be given to an opinion will be determined based upon the following factors: length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion.

8

20 C.F.R.§§ 404.1527(d)(2) and 416.927(d)(2).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (1996). Nonetheless, the ultimate decision of disability rests with the ALJ. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).

In this case, the ALJ found Dr. Whitley to be a treating physician and acknowledged the general deference afforded to the opinions of treating physicians. The ALJ, however, found that Dr. Whitley's findings regarding the Plaintiff's residual functional capacity, as found in the Inquiry, were not entitled to significant weight. It appears that, to the extent Dr. Whitley's findings exceeded the residual functional capacity determination endorsed by the ALJ, the ALJ did not afford any weight to the findings.

The Court finds that the ALJ's decision was not supported by substantial evidence and did not comply with the applicable statutory requirements. The Court finds that the ALJ's descriptions of the defects in Dr. Whitley's opinion are vague and overly general. They do not comprise "good reasons" for not giving controlling weight to the findings. The ALJ does not state how or why Dr. Whitley's findings were overly restrictive. Nor does he cite the Court to evidence in the record demonstrate how Dr. Whitley is "patently sympathetic" to the Plaintiff's complaints or why Dr. Whitley's findings are tenuous. The evidence in the record does not

9

support the generalizations made by the ALJ.

For example, on August 28, 2008, just three months prior to completing the Inquiry, Dr. Whitley described the Plaintiff's condition, stating:

> I do believe that Ms. Weaver is a difficult patient in the sense that I question whether she really does want to get well. . . . I do not believe that mentally she is looking for a very successful outcome, although I might be wrong. But I believe that the patient's overall disposition is one that is going to be very difficult to make her happy or to have marked improvement in her symptoms.

[Tr. 847]. On November 17, 2008, Dr. Whitley revised these statements observing, "I believe that her pain is real and I do believe that she at least warrants a cervical spinal cord stim [sic] trial." [Tr. 845]. These statements are contrary to the ALJ description of Dr. Whitley's findings being "tenuous and patently sympathetic," as they show that Dr. Whitley reviewed the Plaintiff's complaints with an eye toward possible discrepancies in her self-reporting. Nonetheless, he concluded that the Plaintiff's "pain is real." This evidence does not support the ALJ's generalization that Dr. Whitley was overly empathetic or providing tenuous conclusions.

Moreover, as the ALJ noted in her opinion the Plaintiff admitted in various portions of the record that she was able to: help her boys off to school, do laundry, load the dishwasher, wipe countertops, dust, cook, go to the store twice per week for approximately an hour, make beds/change sheets, drive a car, go outside daily, watch television and movies, care for her family, and go to church. The ALJ explained, "**Such activities are clearly not activities of an individual with <u>totally</u> disabling physical and/or mental conditions**." [Tr. 17 (emphasis in the original)].

The Court finds that these activities of daily living do not undermine Dr. Whitley's conclusions – for example, that the Plaintiff could: sit for two hours, stand for two hours, and

10

walk for two hours, frequently lift one to five pounds, occasionally lift six to ten pounds, and only remain seated at a desk for fifteen minutes at a time. Moreover, the Court finds that the ALJ's general statement that these activities clearly are not the activities of a person with disabling pain is a barebones assessment that does not comply with the ALJ's duties to explain his decision to the claimant and future reviewers. While the Court will not parse through each citation to the contrary to be found in this 1300-page record, the Court's own examination of the record and the examples stated above reassure the Court that the ALJ's decision with regard to Dr. Whitley was not supported by substantial evidence.

Based on the foregoing, the Court finds that the ALJ erred in declining to credit Dr. Whitley's findings contained in the Inquiry completed November 25, 2008. The ALJ's determination that Dr. Whitley's findings were not consistent with the record and were tenuous is not supported by substantial evidence. The Court finds that the ALJ did not comply with the applicable case law and regulations including 20 C.F.R.§§ 404.1527(d) and 416.927(d).

Given the longitudinal treatment relationship between the Plaintiff and Dr. Whitley and the relevance of Dr. Whitley's findings to the disability decisions in this case, the Court finds that the ALJ's error in addressing Dr. Whitley's findings was not harmless, and therefore, the Corut finds that remand is appropriate, see Wilson, 378 F.3d at 547. Accordingly, the undersigned finds that the Plaintiff's allegation of error in this regard is well-taken, and the undersigned will recommend that this case be remanded to the Commissioner for further consideration of Dr. Whitley's opinion, consistent with this opinion.

**B.     Analysis of the Plaintiff's Pain**

The Plaintiff also argues that the ALJ erred by not providing sufficient analysis of the Plaintiff's allegations of pain.

11

Pursuant to 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p, an ALJ must employ a two-part process for assessing the credibility of an individual's statements about symptoms, including pain. First, the ALJ must determine whether a claimant has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c); Soc. Sec. Rul. 96-7p.

In this case, the Plaintiff argues that the ALJ did not execute the second step of this procedure appropriately. The Plaintiff argues that the ALJ did not evaluate the effect the Plaintiff's pain would have on her ability to do basic work activities. The Court finds that this allegation is well-taken. The ALJ did not the Plaintiff's pain in a manner consistent with 20 C.F.R. § 404.1529(c) and Social Security Ruling 96-7p. [Tr. 16-17].

The ALJ found the Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but not the degree alleged by the Plaintiff. In so finding, the ALJ noted that the Plaintiff's described symptoms were "so extreme as to appear implausible." [Tr. 17]. The ALJ noted the "vague and general" complaints made by the Plaintiff and used specific examples in explaining how such vague complaint undercut the credibility of Plaintiff's alleged disability. She stated, "For example, in a *Pain Questionnaire*, although clearly

provided with an excellent opportunity to explain more fully, the claimant stated that the hoarseness and burning in her throat is 'constant' and lasts 'all the time.'" [Tr. 17]. The ALJ also observed that the Plaintiff described her neck, back, arms, hands, and shoulders was "constant" and lasted "all day." The ALJ explained that the Plaintiff similarly stated that the pain had changed "everything" and her "whole life style," without specificity. [Tr. 17].

The ALJ described the activities of daily living the Court listed above – *inter alia*, doing laundry, making beds, cooking, going to the grocery store multiple times per week. [Tr. 17]. The ALJ noted that the medical evidence was relatively weak, especially given the degree of pain alleged. [Tr. 17-18]. The ALJ observed that, despite her alleged pain, the Plaintiff continues to smoke, [Tr. 18], and the ALJ described the Plaintiff's "treatment and medications [that had] been generally successful in controlling those symptoms." [Tr 19].

The Court finds the ALJ's analysis of the Plaintiff's pain is not consistent with 20 C.F.R. § 404.1529(c). While the ALJ describes many of the types of evidence listed in § 404.1529(c), he addresses them in such a conclusory manner as to render the analysis deficient. For example, the Court cannot envision a manner in which the Plaintiff could have been more specific in describing her throat pain, given that the Plaintiff had had throat cancer, vocal cord stripping, neck vertebrae surgery, and a fusion. The Court cannot understand how such complaints of pain are "extreme" or "implausible," under such medical conditions. It appears to the Court that the ALJ disregarded his obligation under 20 C.F.R. § 404.1529 to consider "the extent to which [a claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," and he instead reached his own conclusion about the Plaintiff's condition to fit his opinion.

Accordingly, the Court finds that the Plaintiff's allegation that the ALJ erred in

13

evaluating the Plaintiff's allegations of pain is also well-taken, and the Court will recommend that on remand the Commissioner also re-evaluate the Plaintiff's complaints of pain.

VI.     CONCLUSION

Based on the foregoing, the Court finds that the ALJ erred in reviewing and weighing the evidence in the record. Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion For Summary Judgment **[Doc. 14]** be **GRANTED** and that the Commissioner's Motion for Summary Judgment **[Doc. 16]** be **DENIED**. The undersigned **RECOMMENDS** that this case be **REMANDED** to the Commissioner for further consideration of Dr. Whitley's opinion and the Plaintiff's complaints of pain, consistent with this opinion.

                                                             Respectfully submitted,

                                                              s/ C. Clifford Shirley, Jr.
                                                              United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).